**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: $80,045.00 in U.S. Currency, _____ Mohamadou Sumareh, et al.,         Plaintiff, vs. John Doe, et al.,         Defendants. | No. CV-04-1693-PHX-DGC **ORDER** |

Plaintiff Mohamadou Sumareh has filed a motion to recover his attorneys' fees in this action. Docs. ##30, 31, 32, 33. Defendants oppose the motion. Doc. #34. Plaintiff has also filed a motion to recover interest on the money seized and held for a period of many months. Doc. #37. Defendants oppose this motion as well. Doc. #39.

**I.   Attorneys' Fees.**

Plaintiff claims that he is entitled to recover attorneys' fees under A.R.S. § 13-2314(A).  The Court does not agree.

The first sentence of § 13-2314(A) authorizes the attorney general or county attorney to file an action on behalf of a person injured through racketeering activity. The second sentence reads: "If the person against whom a racketeering claim has been asserted, including a forfeiture action or lien, prevails on that claim, the person may be awarded costs and reasonable attorney fees incurred in defense of that claim." This reference to "the person

against whom a racketeering claim has been asserted" appears clearly to refer to the person sued under the authority of the first sentence – by the attorney general or county attorney and on behalf of persons injured by racketeering conduct. In this case, Plaintiff was not sued by the attorney general or county attorney, much less sued on behalf of persons injured by his alleged racketeering activity. Rather, the county attorney filed an *in rem* action against the money seized from Plaintiff at Phoenix Sky Harbor Airport. Such an action names the money, not Plaintiff, as defendant. It seeks to forfeit the fruits of illegal activity to the state and cannot be characterized as being brought on behalf of persons allegedly injured by Plaintiff's racketeering activities. In other words, this case was not brought under, and is not governed by, § 13-2314(A), the provision Plaintiff cites for an award of attorneys' fees.

This conclusion is buttressed by the fact that § 13-2314 contains a separate provision that contemplates *in rem* actions. Subsection (G) states that "*[i]n addition to or in lieu of an action under this section* the attorney general or a county attorney may file an in rem action pursuant to chapter 39 of this title for forfeiture, to the extent that forfeiture is not inconsistent with protecting the rights of any person who sustained injury to his person, business or property by the racketeering conduct . . . ." A.R.S. § 13-2314(G) (emphasis added). This provision makes clear that *in rem* forfeiture actions arising out of racketeering activity are not brought under § 13-2314, but are "in addition to or in lieu of" such actions. The Arizona Legislature thus made clear that law enforcement authorities have options: they can, under § 13-2314, sue individuals engaged in racketeering conduct on behalf of persons injured by that conduct, and/or they can bring *in rem* actions against property used in racketeering activity under Chapter 39 of Title 13 of the Arizona Revised Statutes.

Here, the county attorney brought an *in rem* forfeiture action. Plaintiff himself characterized this action as "a civil *in rem* forfeiture action" in his Notice of Removal. Doc. #1 at 3. The complaint filed by the county attorney also characterized this as "a civil *in rem* forfeiture action to forfeit property or interests in property." Doc. #1, Ex. 3, ¶ 1.

- 2 -

The Court accordingly concludes that this case is properly viewed as *in rem* action brought under Chapter 39 of Title 13, specifically § 13-4314. *Id.* ¶ 8.[1] The lawsuit clearly was not brought under the provisions of § 13-2314(A) because it was not brought against Plaintiff or on behalf of persons allegedly injured by Plaintiff's racketeering activities.

Plaintiff bases his claim for attorneys fees solely on § 13-2314(A). He cites no other statute as authorizing his claim for fees. Because § 13-2314(A) does not apply to this action, the Court will deny Plaintiff's motion.[2]

**II.     Plaintiff's Motion for Interest.**

Plaintiff seeks to recover interest at the prevailing legal rate for the time that elapsed between seizure of his $80,845.00 in March of 2004 and return of the money to Plaintiff on February 9, 2006. Plaintiff claims that he is entitled to recover such interest on the basis of his counterclaim under § 1983, but Plaintiff has not obtained judgment under § 1983. Rather, Plaintiff's motion for summary judgment – which the Court granted – was based on the Arizona statutes under which his money was seized. *See* Docs. ##7, 9. Plaintiff cannot recover the requested interest under those statutes. *See In re $26,980.00*, 18 P.3d 85, ¶¶ 24-28 (Ariz. Ct. App. 2000).

**IT IS HEREBY ORDERED:**

1.     Plaintiff's motion for attorneys' fees (Doc. #30) is **denied**.

2.     Plaintiff's motion for interest (Doc. #37) is **denied**.

---

[1] Although the county attorney characterized this lawsuit as having been brought under both §§ 13-2314 and 13-4301, the complaint subsequently makes clear that the *in rem* action is brought under § 13-2314(G), the statutory provision that recognizes the ability of the county attorney to bring an *in rem* action under Chapter 39. *Id.* ¶ 8. The reference to § 13-2314 in the complaint can best be understood, therefore, as a reference to the Chapter 39 *in rem* authority acknowledged in § 13-2314(G).

[2] The parties' briefing addresses whether § 13-4314(E) bars Plaintiff's claim for attorneys' fees, but Plaintiff does not claim that this statute authorizes an award of fees and the Court can find no such authorization in its language.

- 3 -

3. Plaintiff shall, within 20 days of this order, submit a form of final judgment that reflects the Court's rulings in this case and disposes of all remaining claims.

DATED this 12th day of April, 2006.

*David G. Campbell*
United States District Judge